**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **DIANA RENEE O.,[1]** | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION** |
| **v.** | ) | **No. 25-2604-JWL** |
| **FRANK BISIGNANO, Commissioner of Social Security,** | ) | |
| **Defendant.** | ) | |

**MEMORANDUM AND ORDER**

Plaintiff seeks review of a decision of the Commissioner of Social Security denying Social Security Disability Insurance (SSDI) benefits pursuant to sections 216(i) and 223 of the Social Security Act, 42 U.S.C. §§ 416(i) and 423 (hereinafter the Act). Finding no error in the Administrative Law Judge's (ALJ's) assessment of Plaintiff's residual functional capacity (RFC), or his consideration of the state agency medical consultants' prior administrative medical findings, the court ORDERS that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING the Commissioner's final decision.

## I. Background

[1] The court makes all its "Memorandum and Order[s]" available online. Therefore, in the interest of protecting the privacy interests of disability claimants, it has determined to caption Social Security decisions using only the initial of the Plaintiff's last name.

Plaintiff protectively filed an application for SSDI benefits on March 30, 2022. (R. 300-02). After exhausting administrative remedies before the Social Security Administration (SSA), Plaintiff filed this case seeking judicial review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g). Plaintiff claims the ALJ erred in assessing both her physical and her mental residual functional capacity (RFC). She argues the physical RFC is erroneous because the ALJ did not provide a logical bridge to her conclusion Plaintiff would only require one absence from work each month and she erred in assessing the medical consultants' prior administrative medical findings. Plaintiff argues the mental RFC is erroneous because the ALJ not explain her rationale for omitting mental limitations from the RFC despite that she found Plaintiff had no more than mild mental limitations in any of the four basic mental functional areas and despite the fact she found Plaintiff could perform her semi-skilled (SVP 4) past relevant work as a hospital admitting clerk.

The court's review is guided by the Act. Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009). Section 405(g) of the Act provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether she applied the correct legal standard. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001). "Substantial evidence" refers to the weight, not the amount, of the evidence. It requires more than a scintilla, but less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as

adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971); see also, Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988). Consequently, to overturn an agency's finding of fact the court "must find that the evidence not only supports [a contrary] conclusion, but compels it." I.N.S. v. Elias-Zacarias, 502 U.S. 478, 481, n.1 (1992) (emphases in original).

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005); see also, Bowling v. Shalala, 36 F.3d 431, 434 (5th Cir. 1994) (The court "may not reweigh the evidence in the record, nor try the issues de novo, nor substitute [the Court's] judgment for the [Commissioner's], even if the evidence preponderates against the [Commissioner's] decision.") (quoting Harrell v. Bowen, 862 F.2d 471, 475 (5th Cir. 1988) (brackets in Bowling)). Nonetheless, the determination whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion. Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability. 20 C.F.R. § 404.1520; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)). "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." Wilson, 602 F.3d at 1139 (quoting

Lax, 489 F.3d at 1084). In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether she has a severe impairment(s), and whether the severity of her impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1). Williams, 844 F.2d at 750-51. After evaluating step three, the Commissioner assesses claimant's RFC. 20 C.F.R. § 404.1520(e). This assessment is used at both step four and step five of the sequential evaluation process. Id.

The Commissioner next evaluates steps four and five of the process—determining at step four whether, considering the RFC assessed, claimant can perform her past relevant work; and at step five whether, when also considering the vocational factors of age, education, and work experience, she is able to perform other work in the economy. Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In steps one through four the burden is on Plaintiff to prove a disability that prevents performance of past relevant work. Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2. At step five, the burden shifts to the Commissioner to show that there are jobs in the economy which are within the RFC previously assessed. Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999). The court addresses the errors alleged in Plaintiff's Social Security Brief.

## II. Discussion

Plaintiff makes three claims of error in the ALJ's decision below—that the ALJ failed to build a logical bridge between the record evidence which demonstrates Plaintiff averages over five medical appointments a month and her RFC assessment that Plaintiff

"would be absent 1 day per month on a consistent basis; leaving early or arriving late would constitute an absence" (R. 21); that the ALJ found the state agency medical consultants' prior administrative medical findings equally well-supported and consistent with the record evidence and were not exactly the same but failed to articulate the most persuasive factors in 20 C.F.R. § 404.1520c(c)(3-5) as required by 20 C.F.R. § 404.1520c(b); and that the ALJ erred in assessing Plaintiff's mental RFC because she did not explain her rationale for omitting mental limitation from the RFC despite that she found Plaintiff had no more than mild mental limitations in any of the four basic mental functional areas and despite the fact she found Plaintiff could perform her semi-skilled (SVP 4) past relevant work as a hospital admitting clerk. The court addresses each alleged error in the order presented in Plaintiff's Brief.

## **A. Logical Bridge Between the Record Evidence of Plaintiff's Medical Appointments and the RFC Assessment That Plaintiff Would Be Absent Only One Day Per Month**

Plaintiff claims the ALJ failed to provide a logical bridge between her finding that Plaintiff need be absent no more than one day per month including the need to leave work early or arrive late and the record evidence demonstrating she averaged five medical appointments for treatment each month. (Pl. Br. 9-11).

Plaintiff's argument ignores both the ALJ's finding that she can perform the demands of past relevant work of a hospital admitting clerk, and that it is her burden to prove she cannot perform those demands. Plaintiff ignores that many hospitals admit patients at all hours of the day in emergencies and she has not demonstrated that she could not work the "second shift" or "third shift" as admitting clerk despite averaging

five medical appointments a month. Moreover, Plaintiff has not demonstrated that all her medical appointments are necessary, cannot be consolidated, or will continue despite resolution of treatment for acute conditions such as fractures, surgeries, and so forth. It is Plaintiff's burden to prove she cannot meet the demands of work, not the Commissioner's burden to prove she can.

### **B. The ALJ's Consideration of the State Agency Medical Consultants' Prior Administrative Medical Findings**

Plaintiff argues that the ALJ found the state agency medical consultants' prior administrative medical findings equally well-supported and consistent with the record evidence and were not exactly the same but failed to articulate the most persuasive factors in 20 C.F.R. § 404.1520c(c)(3-5) as required by 20 C.F.R. § 404.1520c(b). As Plaintiff suggests, the regulations require that the SSA will consider each prior administrative medical finding using five factors; supportability, consistency, relationship of source to claimant, specialization, and other factors tending to support or contradict a prior administrative medical finding. 20 C.F.R. § 404.1520c(a) & (c)(1-5). It provides that the most important factors in evaluating persuasiveness are supportability and consistency. Id.

The regulation explains that the decision will articulate how persuasive the SSA finds all prior administrative medical findings. 20 C.F.R. § 404.1520c(b). The articulation requirement applies for each source, but not for each opinion of that source separately. 20 C.F.R. § 404.1520c(b)(1). It requires that the SSA "will explain how we considered the supportability and consistency factors for a medical source's … prior

administrative medical findings in your determination or decision. We may, but are not required to, explain how we considered the factors in paragraphs (c)(3) through (c)(5) of this section, as appropriate, when we articulate how we consider … prior administrative medical findings in your case record." 20 C.F.R. § 404.1520c(b)(2). The regulation explains that when the decisionmaker finds two or more medical opinions or prior administrative medical findings are equal in supportability and consistency "but are not exactly the same," the decision will articulate the other most persuasive factors from paragraphs (c)(3) through (c)(5). 20 C.F.R. § 404.1520c(b)(3).

The prior administrative medical findings brought into question by Plaintiff's Brief are the environmental limitations opined by the state agency medical consultants, Dr. Terry and Dr. Hughes. (Pl. Br. 12) (citing R. 102, 112). Dr. Terry found Plaintiff "unlimited" in all environmental factors except the factor of "Hazards (machinery, heights, etc.)" of which she required Plaintiff to "Avoid Concentrated Exposure." (R. 102). In his review at the reconsideration level, Dr. Hughes found Plaintiff "unlimited" in most environmental factors but found her to be somewhat more limited than did Dr. Terry. Id., at 112. He found Plaintiff should "Avoid Concentrated Exposure" to "Extreme Hot" and "Humidity" and should "Avoid All Exposure" to "Hazards." Id.

As Plaintiff suggests, the ALJ found both physicians' prior administrative medical findings consistent with certain record evidence and supported by certain additional record evidence. (R. 26-27). However, she found each of the physicians' findings inconsistent with and unsupported by certain record evidence and found them only partially persuasive. Id. She also assessed Plaintiff with environmental limitations

different than those opined by either Dr. Terry or Dr. Hughes. (R. 21). She found Plaintiff should not work at unprotected heights or around dangerous machinery and can tolerate only occasional exposure to extreme cold, humidity, and vibration. (R. 21). (underlines to highlight differences).

From this discussion it is clear that, contrary to Plaintiff's argument, the ALJ did not find the physicians' prior administrative medical findings are equal in supportability and consistency. Moreover, she only found each of their prior administrative medical findings partially persuasive and found environmental limitations different than each of them. The ALJ evaluated the state agency medical consultants' prior administrative medical findings, found them only partially persuasive, and assessed Plaintiff's environmental limitations based upon her own evaluation of all the record evidence. Plaintiff has not met her burden to demonstrate error in the ALJ's consideration of the state agency medical consultants' prior administrative medical findings.

### C. The Failure to Include Mental Limitations in the RFC Assessed

As Plaintiff's Brief suggests, the ALJ found that Plaintiff has the medically determinable mental impairments of anxiety and depressive disorders and found them not severe because they "have no more than a mild effect on her ability to perform basic work-related activities." (R. 18). Plaintiff argues,

> Even "a 'not severe' impairment may prevent an individual from performing past relevant work or may narrow the range of other work that the individual may still be able to do." SSR 96-8p. Here, the ALJ failed to account for [Plaintiff's] mental health limitations (even if relatively mild) in assessing [Plaintiff's] ability to perform her semi-skilled past relevant work ("PRW").

(Pl. Br. 14). Plaintiff argues that even the "no more than mild effect" the ALJ determined her mental impairments had on her ability to perform basic work activities (R. 18), "may warrant some degree of limitation at the RFC level" because her PRW is semi-skilled work and may require "mental abilities greater than those necessary to perform basic mental work activities." (Pl. Br. 14-15) (quoting Leah A. D. v. Saul, No. CV 19-1223-JWL, 2020 WL 2849475, at *5 (D. Kan. June 2, 2020)). For support, Plaintiff appeals to her allegations of symptoms and to the medical opinion of her pain management physician, Dr. Jani, "that anxiety and depression affected [Plaintiff's] physical condition and that she was incapable of maintaining the persistence and pace for even a low stress job … [and] her symptoms would constantly interfere with attention and concentration." Id., at 15.

The Commissioner argues in response that the ALJ reasonably considered all the required evidence and other factors in assessing RFC and the court should not reweigh the evidence as Plaintiff suggests. (Comm'r Br. 10-12). He also appeals to a decision of this court for the proposition that "when an ALJ finds at step two that plaintiff's mental impairments caused no more than mild limitations in the 'Paragraph B' criteria, the ALJ [is] under no obligation to include mental limitations in the RFC." Id. at 10-11 (citing Lora L. v. Kijakazi, No. 22-1270-JWL, 2023 WL 7407677, at *3 (D. Kan. Sept. 26, 2022)).

The court finds Plaintiff has not met her burden to show error in the ALJ's consideration of Plaintiff's mental impairments or in her consideration of the mental demands of Plaintiff's past relevant work. While the court may agree with Plaintiff that

in certain cases involving highly skilled jobs (and perhaps even in some cases involving particular semi-skilled jobs), mild mental limitations "may warrant some degree of limitation at the RFC level" (Pl. Br. 14), Plaintiff has not demonstrated that this is one of those jobs. Plaintiff argues her PRW "may require 'mental abilities greater than those necessary to perform basic mental work activities.'" Id. 15 (quoting Leah A. D.,2020 WL 2849475, at *5). However, she has not demonstrated that her past relevant work as a hospital admitting clerk has mental demands requiring a particular mental ability of which she is not capable and she has not cited to record evidence compelling a mental limitation which the ALJ did not include in the RFC assessed.

Plaintiff's appeal to her alleged symptoms and to Dr. Jani's medical opinion do not change the result because the ALJ discounted both Plaintiff's allegations and Dr. Jani's opinion and Plaintiff has shown no error in those findings. The ALJ found that Plaintiff's alleged "symptoms are not entirely consistent with the medical evidence and other evidence in the record" (R. 21) and provided her reasons for that finding and Plaintiff has not shown error in that rationale. Similarly, the ALJ considered Dr. Jani's medical opinion and explained her rationale for finding it unpersuasive; id., at 27-28; and Plaintiff has not shown error in that rationale.

**D. Past Relevant Work: Hospital Admitting Clerk or Composite Job?**

Plaintiff makes "a final stray argument [that] the record does not clearly support the ALJ's conclusion that [Plaintiff's] PRW was a hospital admitting clerk, rather than a composite job consisting of multiple occupations." (Pl. Br. 18). Plaintiff argues the job was a composite job consisting of duties of a hospital admitting clerk; receptionist,

medical setting; and hospital transporter because the record includes evidence that in this job Plaintiff pushed "patients in wheelchairs to their destination," and "directed calls," and she was a door screener," and a "unit secretary." (Pl. Br. 18). The short answer is that none of the evidence cited by Plaintiff compels a finding that Plaintiff's PRW was a composite job. Neither Plaintiff nor counsel even suggested this possibility to the ALJ. The vocational expert (VE) classified Plaintiff's past work as a hospital admitting clerk which is sedentary as normally performed but medium as performed by Plaintiff because she was required to push patients in a wheelchair daily. (R. 53-57, 60). Based upon the VE's testimony, the ALJ found Plaintiff is able to perform her past relevant work as a hospital admitting clerk as it is generally performed. Id. 29. Contrary to Plaintiff's argument, the VE's testimony is record evidence which clearly supports the conclusion Plaintiff's PRW was as a hospital admitting clerk.

**IT IS THEREFORE ORDERED** that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING the Commissioner's final decision.

Dated October 23, 2026, at Kansas City, Kansas.

s/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**